UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD POWELL,<br><br>        Plaintiff,<br><br>  v.<br><br>TA OPERATING CORPORATION dba TRAVELCENTERS OF AMERICA, a Delaware Corporation, Tti HOLDINGS, a Nevada Corporation,<br><br>        Defendants. | New Case No:<br>1:05-cv-01404 SMS<br><br>SCHEDULING CONFERENCE ORDER AND ORDER TRANSFERRING CASE TO MAGISTRATE JUDGE<br><br>Discovery Cut-Off: 10/19/07<br><br>Non-Dispositive Motion Filing Deadline:  10/31/07<br><br>Dispositive Motion Filing Deadline:  11/15/07<br><br>Settlement Conference Date: 7/31/07 9:00 Ctrm. 8<br><br>Pre-Trial Conference Date:  2/18/08 1:30 Ctrm. 7<br><br>Trial Date:  3/24/08 9:00 Ctrm. 7 (JT-5 days) |

I.  Date of Scheduling Conference.

    February 16, 2006.

II. Appearances Of Counsel.

    Bourdette & Partners by Miriam Bourdette, Esq., appeared on behalf of Plaintiff.

    Greve, Clifford, Wengel & Paras, LLP, by Bradley R. Larson,

1

Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

1. Plaintiff Edward Powell, a long haul truck driver, alleges that Defendant Tti negligently installed and TA negligently maintained "park & views" in the Travel Center, Arvin, California, owned and operated by TA. Plaintiff alleges he tripped over an installed, but disconnected, "park & view" due to insufficient lighting and no warning signs and fractured his arm. Powell suffered additional pain because no one at the Travel Center in Arvin would assist him in obtaining medical care. He has had surgery, physical therapy and still has a misaligned arm. Powell alleges that Tti and TA had knowledge of the dangerous premises and entered into an indemnification agreement on the eve of Tti's filing for bankruptcy protection.

2. Defendant denies there was insufficient lighting and that Tti has indemnified TA from all liability for injuries due to the "park & views" sustained on its premises.

3. This is a negligence case. Plaintiff alleges that TA had a duty to provide safe premises for the truckers who used the facilities. TA breached that duty by failing to remove the disconnected "park & views," warn of the protruding "park & views" or provide adequate lighting. Powell was injured. Powell has economic and non-economic damages resulting from his injury.

4. Plaintiff alleges that the agreement between TA and Tti does not relieve TA of all liability for maintaining safe premises for the truckers using its facilities.

5. TA did not have a duty to remove the protruding "park & views" once they were disconnected to prevent harm to the

1  truckers using the facility nor did TA breach any duty owed to
2  Plaintiff.
3       6.   TA had no legal duty to put warnings or barriers around
4  the disconnected "park & views" or to provide more lighting.
5       7.   Plaintiff was careless and negligent and/or at fault
6  for his accident and resulting injuries.  Plaintiff's contention
7  that he was refused medical attention by TA personnel is disputed
8  and, in any event, not actionable.
9       8.   The contract between TA and Tti obligates the latter to
10 defend and indemnity the former herein.  Further, Tti was
11 contractually obligated to secure liability insurance at its
12 expense naming TA as an additional insured.
13 IV.  Orders Re Amendments To Pleadings.
14      1.   There are no proposed amendments to the pleadings.  The
15 contract between TA and Tti states that any disagreements
16 thereunder be resolved by arbitration.  TA may need to file a
17 cross-complaint if its defense and indemnity obligation, if any,
18 is not accepted by Tti and/or its liability insurer, a
19 circumstance complicated by Tti's bankruptcy filing.
20      2.   The parties will petition the bankruptcy court to lift
21 the automatic stay in proceedings to allow parties to proceed
22 against the insurance coverage only.  Assuming there is no self
23 insured reserve that would affect the bankruptcy estate, the
24 courts routinely grant said petitions.
25 V.   Factual Summary.
26      A.   Admitted Facts Which Are Deemed Proven Without Further
27 Proceedings.
28           1.   Powell reported the incident to manager Diane

3

1  Coles who wrote an incident report.
2          2.   Powell had to arrange to get to Bakersfield's
3  Mercy Hospital from Arvin himself, without assistance from Diane
4  Coles.
5          3.   There is a written agreement between Tti and TA,
6  to which Powell is not a party, under which Tti is to defend and
7  indemnity TA, and secure insurance for TA's benefit, for all
8  claims associated with the "park & views."
9      B.   Contested Facts.
10         1.   Powell was a paying customer at the Travel Center
11 at Wheeler Ridge, at I-5 and Laval Road East in Arvin.
12         2.   Powell tripped over a "park & view."
13         3.   There was insufficient lighting in the parking
14 lot.
15         4.   Powell fractured his arm, had several surgeries
16 and continues to have pain and a misaligned arm.
17         5.   The agreement indemnifies TA against all claims
18 associated with the Park & views."
19         6.   TA contests facts 1, 2, and 4 on the basis of
20 insufficient information.
21 VI.  Legal Issues.
22      A.   Uncontested.
23         1.   Jurisdiction exists under 28 U.S.C. § 1331.
24         2.   Venue is proper under 28 U.S.C. § 1391.
25         3.   As to supplemental claims, the parties agree that
26 the substantive law of the State of California provides the rule
27 of decision.
28 ///

```
 1        B.    Contested.
 2              1.    All remaining legal issues are contested.
 3   VII. Consent to Magistrate Judge Jurisdiction.
 4        1.    The parties have consented to transfer the case to the
 5   Magistrate Judge for all purposes, includwing trial.  The case is
 6   renumbered to 1:05-cv-01404 SMS.  All future pleadings filed in
 7   this case shall show the new case number.
 8   VIII.     Corporate Identification Statement.
 9        1.    Any nongovernmental corporate party to any action in
10   this court shall file a statement identifying all its parent
11   corporations and listing any entity that owns 10% or more of the
12   party's equity securities.  A party shall file the statement with
13   its initial pleading filed in this court and shall supplement the
14   statement within a reasonable time of any change in the
15   information.
16   IX.  Discovery Plan and Cut-Off Date.
17        1.    The parties are ordered to complete all discovery on
18   or before October 19, 2007.
19        2.    The parties are directed to disclose all expert
20   witnesses, in writing, on or before August 31, 2007.  Any
21   supplemental expert disclosures will be made on or before
22   September 21, 2007.  The parties will comply with the provisions
23   of Federal Rule of Civil Procedure 26(a) regarding their expert
24   designations.  Local Rule 16-240(a) notwithstanding, the written
25   designation of experts shall be made pursuant to F. R. Civ. P.
26   Rule 26(a)(2), (A) and (B) and shall include all information
27   required thereunder.  Failure to designate experts in compliance
28   with this order may result in the Court excluding the testimony
```

```
 1  or other evidence offered through such experts that are not
 2  disclosed pursuant to this order.
 3       3.   The provisions of F. R. Civ. P. 26(b)(4) shall
 4  apply to all discovery relating to experts and their opinions.
 5  Experts may be fully prepared to be examined on all subjects and
 6  opinions included in the designation.  Failure to comply will
 7  result in the imposition of sanctions.
 8  X.   Pre-Trial Motion Schedule.
 9       1.   All Non-Dispositive Pre-Trial Motions, including any
10  discovery motions, will be filed on or before October 31, 2007,
11  and heard on December 7, 2007, at 10:00 a.m. before Magistrate
12  Judge Sandra M. Snyder in Courtroom 7.
13       2.   In scheduling such motions, the Magistrate
14  Judge may grant applications for an order shortening time
15  pursuant to Local Rule 142(d).  However, if counsel does not
16  obtain an order shortening time, the notice of motion must comply
17  with Local Rule 251.
18       3.   All Dispositive Pre-Trial Motions are to be
19  filed no later than November 15, 2007, and will be heard on
20  January 4, 2008, at 10:00 a.m. before the Honorable Sandra M.
21  Snyder, United States Magistrate Judge, in Courtroom 7, 6th
22  Floor.  In scheduling such motions, counsel shall comply with
23  Local Rule 230.
24  XI.  Pre-Trial Conference Date.
25       1.   February 18, 2008, at 1:30 p.m. in Courtroom 7, 6th
26  Floor, before the Honorable Sandra M. Snyder, United States
27  Magistrate Judge.
28       2.   The parties are ordered to file a Joint Pre-
```

1  Trial Statement pursuant to Local Rule 281(a)(2).
2       3.   Counsel's attention is directed to Rules 281
3  and 282 of the Local Rules of Practice for the Eastern District
4  of California, as to the obligations of counsel in preparing for
5  the pre-trial conference.  The Court will insist upon strict
6  compliance with those rules.
7  XII. Trial Date.
8       1.   March 24, 2008, at the hour of 9:00 a.m. in Courtroom
9  7, 6th Floor, before the Honorable Sandra M. Snyder, United
10 States Magistrate Judge.
11      2.   This is a jury trial.
12      3.   Counsels' Estimate Of Trial Time:
13           a.   5 days.
14      4.   Counsels' attention is directed to Local Rules
15 of Practice for the Eastern District of California, Rule 285.
16 XIII.    Settlement Conference.
17      1.   A Settlement Conference is scheduled for July 31, 2007,
18 at 9:00 a.m. in Courtroom 8 before the Honorable Lawrence J.
19 O'Neill, United States Magistrate Judge.
20      2.   Unless otherwise permitted in advance by the
21 Court, the attorneys who will try the case shall appear at the
22 Settlement Conference with the parties and the person or persons
23 having full authority to negotiate and settle the case on any
24 terms at the conference.
25      3.   Permission for a party [not attorney] to attend
26 by telephone may be granted upon request, by letter, with a copy
27 to the other parties, if the party [not attorney] lives and works
28 outside the Eastern District of California, and attendance in

7

person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c. A summary of the proceedings to date.

d. An estimate of the cost and time to be

8

expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

 1. None.

XV. Related Matters Pending.

 1. There are no related matters except for Tti's bankruptcy and worker's comp case of the Plaintiff.

XVI. Compliance With Federal Procedure.

 1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII. Effect Of This Order.

 1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

     2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

     3.    Failure to comply with this order may result in the imposition of sanctions.

DATED:   February 16, 2006.

                                        /s/ OLIVER W. WANGER

                                        _____
                                              Oliver W. Wanger
                                        **UNITED STATES DISTRICT JUDGE**

powell v. ta operating sch con